# Exhibit 1

# STATE OF NORTH CAROLINA

_FILE COPY_

_____ CUMBERLAND _____ County

In The General Court of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| _Name of Plaintiff_<br>CONSTRUCTION SYSTEMS, INC | |
| _Address_<br>c/o 11525 N. Community House Rd., Suite 425 | **CIVIL SUMMONS** |
| _City, State, Zip_<br>Charlotte, NC 28277 | |
| **VERSUS** | ☒ **Alias and Pluries Summons** |
| | G.S. 1A-1, Rules 3, 4 |

| | |
|---|---|
| _Name of Defendant(s)_<br>Selective Insurance Company of America; Selective<br>Insurance Company of the Southeast and Selective Insurance<br>of South Carolina | _Date Original Summons Issued_<br>April 24, 2017 |
| | _Date(s) Subsequent Summon(es) Issued_ |

## To Each of The Defendant(s) Named Below:

| _Name And Address of Defendant 1_ | _Name And Address of Defendant 2_ |
|---|---|
| Selective Insurance Company of America<br>c/o Wayne Goodman, NC Department of Insurance<br>1201 Mail Service Center<br>Raleigh, NC 27699 | Selective Insurance Company of The Southeast<br>c/o Wayne Goodman, NC Department of Insurance<br>1201 Mail Service Center<br>Raleigh, NC 27699 |

## A Civil Action Has Been Commenced Against You!

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| _Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)_<br>Don R. Terry<br>SMITH TERRY & JOHNSON<br>11525 N. Community Housr Rd., Suite 425<br>Charlotte, NC 28277 | _Date Issued_<br>5-31-17 | _Time_<br>1:21 ☐ AM ☒ PM |
| :--- | :--- | :--- |
| | _Signature_<br>Megan Chavis | |
| | ☒ Deputy CSC ☐ Assistant CSC | ☐ Clerk of Superior Court |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | _Date of Endorsement_ | _Time_<br>☐ AM ☐ PM |
| :--- | :--- | :--- |
| | _Signature_ | |
| | ☐ Deputy CSC ☐ Assistant CSC | ☐ Clerk of Superior Court |

**NOTE TO PARTIES:** _Many Counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed._

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts                    (Over)

## RETURN OF SERVICE

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served | Name of Defendant |
|---|---|---|
| | ☐ AM  ☐ PM | |

- ☐ By delivering to the defendant named above a copy of the summons and complaint.

- ☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

- ☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

- ☐ Other manner of service (specify)

- ☐ Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served | Name of Defendant |
|---|---|---|
| | ☐ AM  ☐ PM | |

- ☐ By delivering to the defendant named above a copy of the summons and complaint.

- ☐ By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

- ☐ As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

- ☐ Other manner of service (specify)

- ☐ Defendant WAS NOT served for the following reason.

| Service Fee Paid $ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative of the Courts

# STATE OF NORTH CAROLINA

File No.
17-CVS-3311

_____CUMBERLAND_____ County

In The General Court of Justice
☐ District ☒ Superior Court Division

| | |
|---|---|
| *Name of Plaintiff*<br>CONSTRUCTION SYSTEMS, INC | |
| *Address*<br>c/o 11525 N. Community House Rd., Suite 425 | **CIVIL SUMMONS** |
| *City, State, Zip*<br>Charlotte, NC 28277 | ☒ **Alias and Pluries Summons** |
| **VERSUS** | G.S. 1A-1, Rules 3, 4 |
| *Name of Defendant(s)*<br>Selective Insurance Company of America; Selective<br>Insurance Company of the Southeast and Selective Insurance<br>of South Carolina | *Date Original Summons Issued*<br>April 24, 2017<br>*Date(s) Subsequent Summon(es) Issued* |

**To Each of The Defendant(s) Named Below:**

| *Name And Address of Defendant 1*<br>Selective Insurance Company of South Carolina<br>c/o Wayne Goodman, NC Department of Insurance<br>1201 Mail Service Center<br>Raleigh, NC 27699 | *Name And Address of Defendant 2* |
|---|---|

**A Civil Action Has Been Commenced Against You!**

You are notified to appear and answer the complaint of the plaintiff as follows:

1. Serve a copy of your written answer to the complaint upon the plaintiff or plaintiff's attorney within thirty (30) days after you have been served. You may serve your answer by delivering a copy to the plaintiff or by mailing it to the plaintiff's last known address, and

2. File the original of the written answer with the Clerk of Superior Court of the county named above.

If you fail to answer the complaint, the plaintiff will apply to the Court for the relief demanded in the complaint.

| *Name And Address of Plaintiff's Attorney (If None, Address of Plaintiff)*<br>Don R. Terry<br>SMITH TERRY & JOHNSON<br>11525 N. Community Housr Rd., Suite 425<br>Charlotte, NC 28277 | *Date Issued*<br>5-31-17 | *Time*<br>1:21 ☐ AM ☒ PM |
|---|---|---|
| | *Signature*<br>Megan Chavis | |
| | ☒ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

| ☐ ENDORSEMENT<br>This Summons was originally issued on the date indicated above and returned not served. At the request of the plaintiff, the time within which this Summons must be served is extended sixty (60) days. | *Date of Endorsement* | *Time*<br>☐ AM ☐ PM |
|---|---|---|
| | *Signature* | |
| | ☐ Deputy CSC ☐ Assistant CSC ☐ Clerk of Superior Court | |

**NOTE TO PARTIES:** *Many Counties have MANDATORY ARBITRATION programs in which most cases where the amount in controversy is $15,000 or less are heard by an arbitrator before a trial. The parties will be notified if this case is assigned for mandatory arbitration, and, if so, what procedure is to be followed.*

AOC-CV-100, Rev. 10/01
© 2001 Administrative Office of the Courts

(Over)

| | RETURN OF SERVICE | | |
|---|---|---|---|

I certify that this Summons and a copy of the complaint were received and served as follows:

### DEFENDANT 1

| Date Served | Time Served ☐ AM ☐ PM | Name of Defendant |
|---|---|---|

☐   By delivering to the defendant named above a copy of the summons and complaint.

☐   By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐   As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to the person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐   Other manner of service (*specify*)

☐   Defendant WAS NOT served for the following reason:

### DEFENDANT 2

| Date Served | Time Served ☐ AM ☐ PM | Name of Defendant |
|---|---|---|

☐   By delivering to the defendant named above a copy of the summons and complaint.

☐   By leaving a copy of the summons and complaint at the dwelling house or usual place of abode of the defendant named above with a person of suitable age and discretion then residing therein.

☐   As the defendant is a corporation, service was effected by delivering a copy of the summons and complaint to person named below.

*Name And Address of Person With Whom Copies Left (if corporation, give title of person copies left with)*

☐   Other manner of service (*specify*)

☐   Defendant WAS NOT served for the following reason.

| Service Fee Paid<br>$ | Signature of Deputy Sheriff Making Return |
|---|---|
| Date Received | Name of Sheriff (Type or Print) |
| Date of Return | County of Sheriff |

AOC-CV-100, Side Two, Rev. 10/01
© 2001 Administrative of the Courts

STATE OF NORTH CAROLINA

COUNTY OF CUMBERLAND

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION

17 - CVS -3311

CONSTRUCTION SYSTEMS INC. OF
LUMBERTON d/b/a CONSTRUCTION
SYSTEMS, INC.,

        Plaintiff,

  vs.

SELECTIVE INSURANCE COMPANY OF
AMERICA, SELECTIVE INSURANCE
COMPANY OF THE SOUTHEAST, AND
SELECTIVE INSURANCE OF SOUTH
CAROLINA,

        Defendant.

**AMENDED COMPLAINT**

COMES NOW Construction Systems, Inc. and files this Amended Complaint alleging as follows:

1.      Construction Systems, Inc. ("CSI") is a North Carolina corporation with its principal place of business in Cumberland County, North Carolina.

2.      Selective Insurance Company ("Selective America") is a foreign corporation authorized to transact business in North Carolina and may be served through its statutory agent, Wayne Goodman at the North Carolina Department of Insurance, 1201 Mail Service Center, Raleigh North Carolina 27699.

3.      Selective Insurance Company of the Southeast ("Selective SE") is a foreign corporation authorized to transact business in North Carolina and may be served through its statutory agent, Wayne Goodman at the North Carolina Department of Insurance, 1201 Mail Service Center, Raleigh North Carolina 27699.

1

4. Selective Insurance Company of South Carolina ("Selective SC") is a foreign corporation authorized to transact business in North Carolina and may be served through its statutory agent, Wayne Goodman at the North Carolina Department of Insurance, 1201 Mail Service Center, Raleigh North Carolina 27699.

5. Selective America, Selective SE and Selective SC are hereinafter jointly referred to as Selective.

6. This Court has subject matter jurisdiction.

7. This Court has personal jurisdiction over Selective.

8. Venue is proper in this Court.

## GENERAL ALLEGATIONS

9. On or about October 28, 2008, CSI and RLM Development Group, LLC ("Owner") entered into a written agreement pursuant to which CSI agreed to construct the RLM Communications Corporate Headquarters ("Project") in Spring Lake, North Carolina ("Prime Contract.")

10. Allman Electric Corporation ("Allman") entered into a written contract ("Subcontract") with CSI to perform work on the Project.

11. The Subcontract at paragraph 9.1 states, "To the fullest extent permitted by law, the Subcontractor shall indemnify and hold harmless the Owner, the Architect, the Contractor … from and against all claims, damages, loss and expenses, including but not limited to attorney's fees, arising out of or resulting from the performance of the Subcontractor's Work…"

12. Paragraph 10.1 of the Subcontracts states "Subcontractor's Insurance. Prior to the start of Subcontractor's Work, the Subcontractor shall produce for the Subcontractor's Work and maintain in force…Comprehensive General Liability Insurance…Construction Systems, Inc. and

2

Owner shall be named as an additional insured under each of these policies except for Worker's Compensation. This insurance shall include contractual liability insurance covering the Subcontractor's obligations under Article 9."

13. Pursuant to the Subcontract, Allman purchased commercial general liability insurance coverage, as well as other types of insurance, from Selective ("Allman Selective Policy").

14. The Allman Selective Policy number is S-1448770.

15. CSI is or was an additional insured under the Allman Selective Policy.

16. Pursuant to the Prime Contract, CSI purchased general liability insurance, as well as other types of insurance, from Selective ("CSI Selective Policy").

17. The CSI Selective Policy number is 1883535.

18. On or about November 3, 2014, the Owner notified CSI of systemic leaks and potential latent defects at the Project ("defects").

19. After receiving notice of the defects and damage to the Project, CSI notified Allman of the defects.

20. After receiving notice of the defects and damage, CSI made claims against Allman for damages caused to the Project by Allman.

21. After receiving notice of the defects and damage, CSI, as an additional insured, made a claim to Selective against the Allman Selective Policy.

22. After receiving notice of defects and damage, CSI, as insured, made a claim to Selective under the CSI Selective Policy.

23. On August 15, 2017, Selective notified CSI that it was continuing to investigate CSI's claim under the CSI Selective Policy.

24. On November 21, 2016, Selective denied CSI's claim under the CSI Selective Policy.

3

25.     Selective has never notified CSI whether it will pay or deny CSI's claim as additional insured under the Allman Selective Policy.

## FOR A FIRST CAUSE OF ACTION
### (Breach of Contract)

26.     All prior allegations of the Complaint are incorporated herein by reference.

27.     The CSI Selective Policy is a contract.

28.     The Allman Selective Policy is a contract.

29.     Selective's failure to notify CSI if it will pay or deny CSI's claims under the Allman Selective Policy is a breach of contract.

30.     Selective's denial of CSI's claim under the CSI Selective Policy is a breach of contract.

31.     As a direct and proximate result of Selective's breaches of contract, CSI has been damaged in the amount of at least $439,153.66 plus interest and attorney's fees.

## FOR A SECOND CAUSE OF ACTION
### (Unfair and Deceptive Trade Practices – Violation of Chapter 75)

32.     All prior allegations of the Complaint are incorporated herein by reference.

33.     On or about March 4, 2015 CSI notified Selective, through its agent, of a potential claim against the CSI Selective Policy.

34.     On or about March 4, 2015, CSI notified Selective of a claim under the Allman Selective Policy.

35.     Upon information and belief, Selective failed to investigate CSI's claims until after August 15, 2016.

36.     Upon information and belief, Selective acknowledged receipt of CSI's claim under the Allman Selective Policy on or about October 12, 2015.

4

37. Upon information and belief, Selective did not acknowledge receipt of CSI's claim under the CSI Selective Policy until August 15, 2016.

38. After August 15, 2016, Selective notified CSI that it was denying CSI's claim under the CSI Selective Policy.

39. After notifying CSI that it denied CSI's claim under the CSI Selective Policy, Selective notified CSI that it may pay CSI's claim under the CSI Selective Policy.

40. Selective has not paid, affirmed, or denied CSI's claim under the Allman Selective Policy.

41. Selective violated North Carolina's statutes in at least the following ways:

   a. Failing to acknowledge and act reasonably promptly upon communications with respect to CSI's claims;

   b. Failing to adopt or implement reasonable standards for the prompt investigation of CSI's claims;

   c. Refusing to pay CSI's claims without conducting a reasonable investigation;

   d. Failing to affirm or deny coverage within a reasonable time; and

   e. Failing to promptly provide a reasonable explanation of the basis in the insurance policy in relation to the facts or applicable law relative to CSI's claims.

42. Upon information and belief, Selective's actions as alleged herein were dishonest, fraudulent, and/or constructively fraudulent actions.

43. Upon information and belief, Selective's dishonest, fraudulent, and/or constructively fraudulent actions were designed to mislead CSI, and to avoid its obligations under the CSI Selective Policy, the Allman Selective Policy, and/or North Carolina law.

44. Selective's actions constitute unfair or deceptive acts or practices, as they undermine the

5

ethical standards and good faith dealings between parties engaged in business transactions.

45. Selective's actions were in or affecting commerce.

46. As a direct and proximate cause of Selective's unfair or deceptive trade practices, CSI has been damaged in the amount of at least $439,153.66, which should be trebled pursuant to N.C.G.S. § 75-1.16, plus interest, costs, and reasonable attorneys' fees.

## FOR A THIRD CAUSE OF ACTION
### (Bad Faith)

47. All prior allegations of the Complaint are incorporated herein by reference.

48. Selective wrongfully failed to pay or deny CSI's claims.

49. Selective wrongfully denied CSI's claim under the SCI Selective Policy.

50. Selective's conduct as described herein was willful or wanton, thus CSI is entitled to punitive damages from Selective.

51. As a direct and proximate result of Selective's bad faith, CSI has been damaged in the amount of at least $10,000 plus interest, cost, and attorney's fees.

WHEREFORE, Plaintiff prays of the Court as follows:

1. Under the First Claim for Relief, that the Court enter Judgment against Selective, in the principal sum of at least $439,153.66, together with interest at the legal rate from date of default until paid plus reasonable attorneys' fees.

2. Under the Second Claim for Relief, that the Court enter Judgment against Selective, in the principal sum of at least $439,153.66, together with interest at the legal rate from date of default until paid plus reasonable attorneys' fees, and that said sum be trebled pursuant to N.C.G.S. 75-1.16 of the North Carolina General Statutes.

6

3.     Under the Third Claim for Relief, that the Court enter Judgment against Selective, in the principal sum of at least $10,000.00, together with interest at the legal rate from date of default until paid, plus cost, punitive damages, and reasonable attorneys' fees.

4.     That the Court tax the costs of this action against Selective;

5.     For a jury trial on all facts so triable; and

6.     That Plaintiff have and recover such further relief as the Court may deem just and proper.

This the 30th day of May, 2017.

Don R. Terry, NC Bar No.: 47175
SMITH TERRY & JOHNSON
11525 N. Community House Rd., Suite 425
Charlotte, North Carolina 28277
Voice: (704) 944-3244
Fax: (704) 626-6446
dterry@smithterrylaw.com



Construction Systems, Inc.

    vs.

Selective Insurance Company of America

      I, Gloria H. Glasco, a Special Deputy duly appointed for the purpose, do hereby accept service of the **Civil Summons Alias and Pluries Summons (2 sets)** of Plaintiff Construction Systems, Inc. and adding Selective Insurance Company of America as a Defendant, and acknowledge receipt of a copy of the same, together with a copy of the **Amended Complaint**, under the provision of the North Carolina General Statute Section 58-16-30 as process agent for Selective Insurance Company of America.

      This the 7th day of June, 2017.

                     MIKE CAUSEY
                     Commissioner of Insurance

                     *Gloria H. Glasco*

                     Gloria H. Glasco
                     Special Deputy for
                     Service of Process

1201 MAIL SERVICE CENTER · RALEIGH, NC 27699-1201 · WWW.NCDOI.COM


Construction Systems, Inc.

     vs.

Selective Insurance Company of South Carolina

    I, Gloria H. Glasco, a Special Deputy duly appointed for the purpose, do hereby accept service of the **Civil Summons Alias and Pluries Summons (2 sets)** of Plaintiff Construction Systems, Inc. and adding Selective Insurance Company of South Carolina as a Defendant, and acknowledge receipt of a copy of the same, together with a copy of the **Amended Complaint**, under the provision of the North Carolina General Statute Section 58-16-30 as process agent for Selective Insurance Company of South Carolina.

    This the 7th day of June, 2017.

                        MIKE CAUSEY
                        Commissioner of Insurance

                        *Gloria H. Glasco*

                        Gloria H. Glasco
                        Special Deputy for
                        Service of Process


**Construction Systems, Inc.**

     vs.

**Selective Insurance Company of the Southeast**

     I, Gloria H. Glasco, a Special Deputy duly appointed for the purpose, do hereby accept service of the **Civil Summons Alias and Pluries Summons (2 sets)** of Plaintiff Construction Systems, Inc. and adding Selective Insurance Company of the Southeast as a Defendant, and acknowledge receipt of a copy of the same, together with a copy of the **Amended Complaint**, under the provision of the North Carolina General Statute Section 58-16-30 as process agent for Selective Insurance Company of the Southeast.

     This the 7th day of June, 2017.

                   MIKE CAUSEY
                   Commissioner of Insurance

                   *Gloria H. Glasco*

                   Gloria H. Glasco
                   Special Deputy for
                   Service of Process



**NC DEPARTMENT OF**
**★INSURANCE**
MIKE CAUSEY · COMMISSIONER

SERVICE OF PROCESS

Tel 919.716.6610   Fax 919.716.6757

RECEIVED

JUN 1 2 2017

SELECTIVE CORP. LEGAL DEPT.

June 8, 2017

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Selective Insurance Company of America
40 Wantage Avenue
Branchville, NJ  07890

      Re:    **Construction Systems, Inc.**
                     **vs.**
           **Selective Insurance Company of America**

Dear Corporate Secretary:

Enclosed herewith is a document entitled "**Civil Summons Alias and Pluries Summons (2 sets)** and
**Amended Complaint**", which this Department received through the mail on June 7, 2017.

                      MIKE CAUSEY
                      Commissioner of Insurance

                      *Gloria H. Glasco*

                      Gloria H. Glasco
                      Special Deputy for
                      Service of Process

Enclosure

1201 MAIL SERVICE CENTER | RALEIGH, NC 27699-1201 | WWW.NCDOI.COM



RECEIVED

JUN 1 3 2017

SELECTIVE CORP. LEGAL DEPT.

June 8, 2017

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Selective Insurance Company of South Carolina
40 Wantage Avenue
Branchville, NJ  07890

Re:   **Construction Systems, Inc.**
              **vs.**
       **Selective Insurance Company of South Carolina**

Dear Corporate Secretary:

Enclosed herewith is a document entitled "**Civil Summons Alias and Pluries Summons (2 sets)** and **Amended Complaint**", which this Department received through the mail on June 7, 2017.

                   MIKE CAUSEY
                   Commissioner of Insurance

                   *Gloria H. Glasco*

                   Gloria H. Glasco
                   Special Deputy for
                   Service of Process

Enclosure



RECEIVED
JUN 1 3 2017
SELECTIVE CORP. LEGAL DEPT.

June 8, 2017

**CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Selective Insurance Company of the Southeast
40 Wantage Avenue
Branchville, NJ 07890

      Re:    **Construction Systems, Inc.**
                      **vs.**
           **Selective Insurance Company of the Southeast**

Dear Corporate Secretary:

Enclosed herewith is a document entitled "**Civil Summons Alias and Pluries Summons (2 sets)** and **Amended Complaint**", which this Department received through the mail on June 7, 2017.

                               MIKE CAUSEY
                               Commissioner of Insurance

                               *Gloria H. Glasco*
                               Gloria H. Glasco
                               Special Deputy for
                               Service of Process

Enclosure

CERTIFIED MAIL

7016 2140 0000 5989 8567

Selective Insurance Company
of South Carolina
40 Wantage Avenue
Branchville, NJ 07890

Hasler
00/05/2017
US POSTAGE
$07.50



North Carolina
DEPARTMENT OF INSURANCE
1201 Mail Service Center
Raleigh, NC 27699-1201

CERTIFIED MAIL

7016 2140 0000 5989 8550

Selective Insurance Company
of America
40 Wantage Avenue
Branchville, NJ 07890

CERTIFIED MAIL

7016 2140 0000 5969 8574

Selective Insurance Company of the
Southeast
40 Wantage Avenue
Branchville, NJ 07890

Nasler
US POSTAGE
$07.50